FILED
2000 AUG 15 AM 9:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL CRAIG CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. 00-BU-1482-S |
| ) | |
| TEXACO LUBRICANTS CO., et al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
AUG 15 2000

## MEMORANDUM OF OPINION

The plaintiff has submitted an application to proceed *in forma pauperis* on a standard IFP form. As defendants, the plaintiff has named Texaco Lubricants Co. and nineteen (19) churches. The plaintiff did not submit a civil cover sheet. Neither did he avail himself of the pro se complaint form to state his claims. Pursuant to 28 U.S.C. § 1915, the court is to screen IFP complaints to determine whether they are frivolous or fail to state a claim upon which relief can be granted.

In his attempt to state federal jurisdiction, the plaintiff asserts that his rights under the Fifth Amendment and Eleventh Amendment were violated, in that the defendants took his property without just compensation. He also asserts diversity jurisdiction. According to the addresses supplied the court, the plaintiff is purportedly a citizen of the state of Virginia, while all of the defendants are purportedly citizens of Alabama. The plaintiff demands damages in excess of seventy-five thousand dollars ($75,000) from each defendant.

4

The plaintiff asserts that "oil, gas, and petroleum products [were] removed across state lines from [his] land." *Plaintiff's Pleadings*, p. 2. He further states:

> 5. The plaintiff is the sole administrator/minister [sic] of the will and named as such in the record of the property itself.
>
> 6. The property and the record thereof was retained under the authority of the plaintiff's ancestors. The will and its record was [sic] stolen and removed from the plaintiff's ancestral property as the direct result of the negligence of those entrusted to care for same.
>
> 7. Subsequently the named defendants to this claim, inclusive of but not seclusive [sic] to, have, without authorization from the plaintiff, used plaintiff's property and/or used counterfeited land records thereto for the purpose of personal and/or financial gain to themselves directly and/or indirectly through organizations and/or businesses under them, and/or established by them, with the illegally acquired gains directly and indirectly acquired as the result of their illegal use of plaintiff's property and the records thereto belonging directly to the plaintiff solely named to the inheritance and direct benefits thereof.
>
> 8. Slander and misrepresentation of the plaintiff has [sic] been used to facilitate their deceptive claims to his legal inheritance by alleging and claiming and conspiring to do same with others with the false belief that the plaintiff is not a man entitled to the will and its inheritance.

*Plaintiff's Pleadings*, p. 3.[1] The plaintiff also speaks of interstate commerce, the use of interstate communication systems, and trafficking in stolen property.

The plaintiff's statements are so lacking in specificity that they do not state a claim upon which relief can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-

---

[1] Although this quote comes from that page designated as page 3, it is actually page 4, as there are two page "twos."

57 (11th Cir. 1984).[2]  Wherefore, the plaintiff's motion to proceed *in forma pauperis* is due to be denied, and this action is due to be dismissed without prejudice.

DONE this 14th day of August, 2000.

_____
H. Dean Buttram, Jr.
United States District Judge

---

[2]The plaintiff is advised that actions under 42 U.S.C. §1983 can be brought against state actors only.